UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OFF-WHITE LLC,

                *Plaintiff,*

      v.

2017PINGAN, 11861070, ADNAHENDR-0 , ADYSHOPE, ANGEL-FASHIONSHOP, AWESOMESTUFF95, BEST.DEALS.ONLINE1, CVCVX_1, DEBY-SHOP, DR.ALLUKA, DRJJ1990, EASY-FASHIONSHOP, EDAM1980, EXANDER-SHOP, FASTFREESHOP1, GANBAR_92, GIHANMADH-64, HAIYUN_W, HENA-5, HODA-SHOP, JANECHE-87, JAY_CUSTOMSTORE, JH1919, KANLING_37, KUMALMAN_0, LESAS-10, LIMASIMASHOP, LODELL_11, LUCA-847, MA-225045, MILA81_SHOP, ONLYPOSITIVEVIBE, RAFAEKOTYMBEKO-0, ROBYCO99, SAHRUGUNA-8, SAPAHE-0, SH0MAN, SIMLENG0, SOUELA-15, SUPRE-WIN, TABLSHOP, UMSOF-0, VACAH_96, VERYFIRESHOP, WWPS9550, XIANGXIANG16889, XJYLNLK, YUEXIAORMK29 and YUSAN98,

                *Defendants.*

20 Civ. 5191 (KPF)

<u>PRELIMINARY INJUNCTION ORDER</u>

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Off-White** | Off-White LLC |
| **Defendants** | 2017pingan, 11861070, adnahendr-0 , adyshope, angel-fashionshop, awesomestuff95, best.deals.online1, cvcvx_1, deby-shop, dr.alluka, drjj1990, easy-fashionshop, edam1980, exander-shop, fastfreeshop1, ganbar_92, gihanmadh-64, haiyun_w, hena-5, hoda-shop, janeche-87, jay_customstore, jh1919, kanling_37, kumalman_0, lesas-10, limasimashop, lodell_11, luca-847, ma-225045, mila81_shop, onlypositivevibe, rafaekotymbeko-0, robyco99, sahruguna-8, sapahe-0, sh0man, simleng0, souela-15, supre-win, tablshop, umsof-0, vacah_96, veryfireshop, wwps9550, xiangxiang16889, xjylnlk, yuexiaormk29 and yusan98 |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint filed on July 7, 2020 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on July |

| | |
|---|---|
| | 7, 2020 |
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| **Off-White Products** | A high-end line of men's and women's apparel, as well as shoes, accessories, jewelry, and other ready-made goods, marketed under the Off-White Brand (defined *infra*) |
| **Off-White Brand** | The trademarks, Off-White™ and Off- White c/o Virgil Abloh™, used to market the Off-White Products |
| **Off-White Registrations** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012, 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25, 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9, 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25, 5, 710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14, 5,150,712 for [image] for a variety of goods in Class 18 and 25,  5, 710,288 for [image] for a variety of goods in Class 14, 5,307,806 for [image] for a variety of goods in Class 18 and 25, 5,835,552 for [image] for a variety of goods in Class 9, 5,387,983 for [image] for a variety of goods in Class 25, 5,445,222 for [image] for a variety of goods in Class 25, 5,800414 for [image] for a variety of goods in Class 9 and 25, 5,681,805 for [image] for a variety of goods |

| | |
|---|---|
| | in Class 9 and 5,663,133 for ![symbol] for a variety of goods in Class 25 |
| **Off-White Applications** | U.S. Trademark Serial Application Nos.: 88/080,002 for ![symbol], for a variety of goods in Class 25 and 88/041,456 for ![symbol], for a variety of goods in Class 18 and Class 25 |
| **Off-White Marks** | The marks covered by the Off-White Registrations and the Off-White Applications |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants'** | Any and all financial accounts associated |

| | |
|---|---|
| **Financial Accounts** | with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiff having moved *ex parte* on July 7, 2020 against Defendants for the following: (i) a temporary restraining order; (ii) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; (iii) an order to show cause why a preliminary injunction should not issue; (iv) an order authorizing bifurcated and alternative service and (v) an order authorizing expedited discovery (Dkt. #9);

WHEREAS, the Court entered an Order granting Plaintiff's Application on July 17, 2020, which ordered Defendants to appear on July 31, 2020 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing") (Dkt. #13);

WHEREAS, on July 23, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on July 31, 2020 at 2:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the

1

Court:

  i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

  ii. directly or indirectly infringing in any manner any of Plaintiff's Off-White Marks;

  iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

  iv. using any of Plaintiff's Off-White Marks or any other marks that are confusingly similar to the Off-White Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

  v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised,

    marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in

subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

   iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions

pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Counterfeit Products;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly

discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of

6

this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products

bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

  ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

  iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts

        with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   iv.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Off-White Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

   a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses to be determined after having been identified by eBay pursuant to Paragraph V(C) of the TRO.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made

on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where where eBay, via eBay's Registered Agent, will be able to download a PDF copy of this Order via electronic mail at copyright@ebay.com, to Bryce Baker at brybaker@ebay.com and to Joanna Lahtinen at jlahtinen@ebay.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of

them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

SO ORDERED.

SIGNED this 31st day of July, 2020, at 3:00 p.m.
New York, New York

*Katherine Polk Failla*

_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE