Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:     (212)873-0250
Facsimile:      (646)395-1585
*Attorneys for Plaintiff*
*Off-White LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>2017PINGAN, 11861070, ADNAHENDR-0, ADYSHOPE, ANGEL-FASHIONSHOP, AWESOMESTUFF95, BEST.DEALS.ONLINE1, CVCVX_1, DEBY-SHOP, DR.ALLUKA, DRJJ1990, EASY-FASHIONSHOP , EDAM1980, EXANDER-SHOP, FASTFREESHOP1, GANBAR_92, GIHANMADH-64, HAIYUN_W, HENA-5, HODA-SHOP, JANECHE-87, JAY_CUSTOMSTORE, JH1919, KANLING_37, KUMALMAN_0, LESAS-10, LIMASIMASHOP, LODELL_11, LUCA-847, MA-225045, MILA81_SHOP, ONLYPOSITIVEVIBE, | CIVIL ACTION No.<br>20-cv-5191 (KPF)<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

RAFAEKOTYMBEKO-0, ROBYCO99, SAHRUGUNA-8, SAPAHE-0, SH0MAN, SIMLENG0, SOUELA-15, SUPRE-WIN, TABLSHOP, UMSOF-0, VACAH_96, VERYFIRESHOP, WWPS9550, XIANGXIANG16889, XJYLNLK, YUEXIAORMK29 and YUSAN98,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Off-White** | Off-White LLC | N/A |
| **Defendants** | 2017pingan, 11861070, adnahendr-0, adyshope, angel-fashionshop, awesomestuff95, best.deals.online1, cvcvx_1, deby-shop, dr.alluka, drjj1990, easy-fashionshop , edam1980, exander-shop, fastfreeshop1, ganbar_92, gihanmadh-64, haiyun_w, hena-5, hoda-shop, janeche-87, jay_customstore, jh1919, kanling_37, kumalman_0, lesas-10, limasimashop, lodell_11, luca-847, ma-225045, mila81_shop, onlypositivevibe, rafaekotymbeko-0, robyco99, sahruguna-8, sapahe-0, sh0man, simleng0 , souela-15, supre-win, tablshop, umsof-0, vacah_96, veryfireshop, wwps9550, xiangxiang16889, xjylnlk, yuexiaormk29 and yusan98 | N/A |
| **Defaulting Defendants** | 2017pingan, 11861070, adnahendr-0, adyshope, angel-fashionshop, awesomestuff95, best.deals.online1, cvcvx_1, deby-shop, dr.alluka, drjj1990, easy-fashionshop , edam1980, exander-shop, fastfreeshop1, ganbar_92, gihanmadh-64, haiyun_w, hena-5, janeche-87, jay_customstore, jh1919, kanling_37, kumalman_0, lesas-10, limasimashop, luca-847, ma-225045, mila81_shop, onlypositivevibe, rafaekotymbeko-0, robyco99, sahruguna-8, sapahe-0, sh0man, simleng0 , souela-15, supre-win, tablshop, umsof-0, vacah_96, veryfireshop, wwps9550, xiangxiang16889, xjylnlk, yuexiaormk29 and yusan98 | N/A |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on July 7, 2020 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on July 7, 2020 | Dkt. 4 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets | Dkts. 9-12 |

|   | (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on July 7, 2020 |   |
|---|---|---|
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application | Dkt. 10 |
| **Yamali Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | Dkt. 11 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on July 17, 2020 | Dkt. 13 |
| **PI Show Cause Hearing** | July 31, 2020 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | July 31, 2020 Preliminary Injunction Order | Dkt. 14 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Off-White Products** | A high-end line of men's and women's apparel, as well as shoes, accessories, jewelry, and other ready-made goods, marketed under the Off-White Brand (defined *infra*) | N/A |
| **Off-White Brand** | The trademarks, Off-White™ and Off- White c/o Virgil Abloh™, used to market the Off-White Products | N/A |
| **Off-White Registrations** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a | N/A |

|  | constructive date of first use of January 25, 2012, 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25, 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9, 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25, 5, 710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14, 5,150,712 for ▨ for a variety of goods in Class 18 and 25, 5, 710,288 for ▨ for a variety of goods in Class 14, 5,307,806 for ▨ for a variety of goods in Class 18 and 25, 5,835,552 for ✕ for a variety of goods in Class 9, 5,387,983 for ✕ for a variety of goods in Class 25, 5,445,222 for ✕ for a variety of goods in Class 25, 5,800414 for (OFF) for a variety of goods in Class 9 and 25, 5,681,805 for ✕ for a variety of goods in Class 9 and 5,663,133 for ▭▶ for a variety of goods in Class 25 |  |
| --- | --- | --- |
| **Off-White Applications** | U.S. Trademark Serial Application Nos.: 88/080,002 for ✕, for a variety of goods in Class 25 and 88/041,456 for 🔴, for a variety of goods in Class 18 and Class 25 | N/A |
| **Off-White Marks** | The marks covered by the Off-White Registrations and the Off-White Applications | N/A |

| | | |
|---|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on February 18, 2021 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Off-White Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded $50,000.00 in statutory damages ("Individual Damages

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Award") against each of the Forty-Seven (47) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of Two Million Three Hundred Fifty Thousand Dollars ($2,350,000.00), plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

   B. directly or indirectly infringing in any manner any of Plaintiff's Off-White Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Off-White Marks, or any other marks that are confusingly similar to the Off-White Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

   ii. Defaulting Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the

possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Off-White Marks, or bear any marks that are confusingly similar to the Off-White Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

IV. **Miscellaneous Relief**

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 10th day of May, 2021.

_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE